**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re TRC Staffing Services, Inc. Data Breach Litigation | No. 1:24-cv-02398-VMC |

## ORDER

On June 17, 2025, the Court held a hearing on Defendant TRC Staffing Services, Inc.'s ("TRC") Motion to Dismiss (Doc. 35). For the reasons that the Court gave on the record during the hearing, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 35) is **GRANTED IN PART** and **DENIED IN PART**. As stated at the hearing, the Court fully incorporates the reasoning articulated in *Teague v. AGC America, Inc.*, No. 1:24-cv-00823-VMC, 2025 WL 1527738, at *3 (N.D. Ga. Jan 6, 2025) and *Covington v. Gifted Nurses, LLC*, No. 1:22-cv-4000-VMC, 2023 WL 5167366, at *4 (N.D. Ga. July 19, 2023), and declines to disturb its previous holdings regarding what is needed for plaintiffs in the data breach context to properly allege standing. As such, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing is **DENIED**. It is

**FURTHER ORDERED** that Defendant's Motion to Dismiss is **DENIED** as to the following counts: Negligence (Count I), Negligence Per Se (Count II),

Declaratory Judgment (Count V), and Violation of O.C.G.A. § 13-6-11 (Count VI). It is

**FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED** as to Plaintiffs' Unjust Enrichment (Count IV) claim.

As to Plaintiffs' claim for breach of implied contract, the Court finds that Plaintiffs have failed to state a claim. *See Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360, 1380 (N.D. Ga. Sept. 27, 2021) (dismissing employee plaintiffs' implied contract claims for failure to point to any facts or circumstances that would indicate how defendant allegedly manifested an intent to provide data security as part of the parties' employment agreement). Under Georgia law, a valid contract requires "parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." *Teague*, 2025 WL 1527738, at *6 (citing O.C.G.A. § 13-3-1). Mutual assent, or a meeting of the minds, "is the first requirement of the law relative to contracts." *Purvis*, 563 F. Supp. 3d at 1379 (quoting *Simmons v. McBride*, 492 S.E.2d 738 (1997)). TRC argues that Plaintiffs have failed to plead any facts suggesting that Plaintiffs and TRC had a meeting of the minds whereby TRC agreed to safeguard their personally identifiable information. The Court agrees that Plaintiffs failed to plead any such facts and therefore did not state a claim for breach of implied contract.

2

During the hearing, the Court inquired whether Plaintiffs were seeking an opportunity to amend their allegations relating to their breach of implied contract claim if the Court found them to be insufficient. Plaintiffs' counsel responded that they would need to discuss the issue with their clients, but did not provide much support that justice "so required" amendment. Fed. R. Civ. P. 15(a)(2). Therefore, the Court took the issue under advisement.

After fully considering the issue, the Court will not give Plaintiffs an opportunity to amend. Critically, Plaintiffs did not formally request an opportunity to amend. Therefore, the standard governing amendment in this context is not found exclusively in Federal Rule of Civil Procedure Rule 15. Instead, the Eleventh Circuit has explained that "[a] district court is not required to grant a plaintiff leave to amend her complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Ramirez v. Walmart, Inc.*, No. 23-13702, 2024 WL 4880378, at *3 (11th Cir. Nov. 25, 2024) (internal alteration omitted) (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)). District courts have "broad discretion to allow pleading amendments even when a party does not formally request leave." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). "The key is

whether plaintiff had fair notice of the defects and a meaningful chance to fix them." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

Defendant's motion has been pending for nearly six months. Plaintiffs have had ample time and notice to request an opportunity to amend, both in their formal response and via separate motion. Further, at the hearing, Plaintiffs could not point to any facts, in the Amended Complaint or otherwise, to support their contention that there was a "mutual understanding" between Plaintiffs and TRC. Therefore, the Court will not give Plaintiffs an opportunity to amend. It is **ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Count III for Breach of Implied Contract is **GRANTED**.

Accordingly, Defendant's Motion to Dismiss (Doc. 35) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion is **DENIED** as to the following counts: Negligence (Count I), Negligence Per Se (Count II), Declaratory Judgment (Count V), and Violation of O.C.G.A. § 13-6-11 (Count VI). Defendant's Motion is **GRANTED** as to Plaintiffs' claims for Breach of Implied Contract (Count III) and Unjust Enrichment (Count IV). Therefore, Plaintiffs' Counts III and IV are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 18th day of June, 2025.

Victoria Marie Calvert
United States District Judge

4